QUINN EMANUEL URQUHART & SULLIVAN, LLP
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Valerie Roddy (Bar No. 235163)
valerieroddy@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Ryan Sullivan (*pro hac vice*)
ryansullivan@quinnemanuel.com
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
Fax: (617) 712-7200

*Attorneys for Defendant Lakeview Loan Servicing, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

ELIJAH IDRIS, GOWAN MCLIN, and JUSTIN BICKHAM individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LAKEVIEW LOAN SERVICING, LLC,

Defendant.

Case No.: 3:25-CV-05087-TLT

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LAKEVIEW LOAN SERVICING, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6);**

**DECLARATION OF VALERIE RODDY**

Before: Hon. Trina L. Thompson

Hearing Date: November 11, 2025
Hearing Time: 2:00 p.m.

## REQUEST FOR JUDICIAL NOTICE

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that defendant Lakeview Loan Servicing, LLC ("Lakeview") respectfully requests that this Court, in deciding Lakeview's concurrently-filed motion to dismiss plaintiffs' putative class action complaint, take judicial notice of the following documents, which are (i) attached to this Request for Judicial Notice, (ii) authenticated by the Declaration of Valerie Roddy appended to this Request ("Roddy Decl."), and (iii) either incorporated by reference in the complaint or otherwise subject to judicial notice under Federal Rule of Evidence 201, and one adjudicative fact which is subject to judicial notice because (i) it is generally known within the trial court's territorial jurisdiction; and/or (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Specifically, Lakeview requests that the Court take judicial notice of the following documents and generally-known fact:

- Complaints filed by plaintiffs' counsel in two other actions (Exhibits 1 and 2) and a redline showing the similarities and differences between one of those complaints and the complaint in this action (Exhibit 3);
- Excerpts of the *lakeview.com* website (Exhibits 4 and 6);
- Excerpts of articles cited by plaintiffs in their complaint (Exhibits 5 and 7 through 11); and
- The fact that mortgages and the identity of property owners are typically a matter of public record.

## MEMORANDUM OF POINTS AND AUTHORITIES

On a motion to dismiss, a court "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, a court "***must***" take judicial notice of such facts "if a party requests it and the court is supplied with

the necessary information." *Id.* at 201(c)(2) (emphases added).

With respect to incorporation by reference, a court may consider a document explicitly mentioned in the complaint or even a document "not explicitly refer[red] to" in a complaint but on which "the complaint necessarily relies." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). "Under the 'incorporation by reference' doctrine in this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v. HSBC Bank Nev.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal citations omitted). Documents incorporated by reference are treated "as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The incorporation by reference doctrine serves the important purpose of precluding plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* "The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

I. The Court Should Take Judicial Notice of **Exhibits 1-2** As Records of This District's Courts

Exhibits 1 and 2 to the Request for Judicial Notice are complaints filed in the dockets of this District's courts. *See* Roddy Decl. ¶¶ 2-3. The existence and authenticity of these complaints cannot be reasonably disputed; plaintiffs' counsel prepared and filed both documents, and both were obtained from PACER. *Id.* Lakeview seeks judicial notice of the documents themselves and their contents, not the truth of the allegations they contain (which Lakeview understands are disputed by the defendants in those cases). The Court should take judicial notice of Exhibits 1 and 2. *See, e.g.*, *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1111 (N.D. Cal. 2024) (taking judicial notice of "existence and content" of pleadings in another court and Internal Trade Commission, but not "the underlying truth of any factual assertions therein").

II. The Court Should Take Judicial Notice of **Exhibit 3** as a Comparison of Public Filings

Exhibit 3 to the Request for Judicial Notice is a redline comparison of two public filings, prepared using standard software for legal professionals (Litera) and submitted for the Court's convenience to show the similarities and differences between the complaints in *Shah* and this case.

Roddy Decl. ¶ 4. The Court should take judicial notice of Exhibit 3. *See, e.g.*, *BMA LLC v. HDR Glob. Trading Ltd.*, No. 20-cv-3345, 2021 WL 4061698, at *3 n.4 (N.D. Cal. Sept. 7, 2021) (taking judicial notice of redline comparison between plaintiff's operative and previous complaints).

III. <u>The Court Should Take Judicial Notice of the Fact that Mortgages Are Typically a Matter of Public Record</u>

Lakeview requests that the Court take judicial notice of the fact that mortgages are typically a matter of public record, with a lender's lien against a property being recorded as a matter of public record (as a necessary part of protecting loans secured by real property), alongside deeds that identify the property owner. This fact is "generally known within the Court's territorial jurisdiction" by anyone who has previously financed a home purchase or has a general understanding of how financing the purchase of a home works, and it is therefore subject to judicial notice. *See, e.g.*, *Schaeffer v. Gregory Vill. Partners, L.P.*, 105 F. Supp. 3d 951, 959-60 (N.D. Cal. 2015) (taking judicial notice that "California is in the midst of a serious, multi-year drought, which affects the water resources of the state" because it was "generally known within this Court's territorial jurisdiction"). Indeed, courts routinely take judicial notice of mortgages—or (more accurately) deeds of trusts reflecting mortgages secured by property—precisely because they are matters of public record at the county recorder's office. *See, e.g.*, *Velasquez v. Countrywide Home Loans, Inc.*, No. 11-cv-2491, 2012 WL 2368285, at *2 (N.D. Cal. June 21, 2012) (taking judicial notice of deeds of trust executed in exchange for home loan and credit line secured by property because they are matters of public record and citing cases).

IV. <u>The Court Should Take Judicial Notice of **Exhibits 4 and 6** as Portions of Lakeview's Website</u>

Exhibits 4 and 6 to the Request for Judicial Notice are excerpts of Lakeview's website. The Court should take judicial notice of these excerpts for two reasons:

*First*, plaintiffs have incorporated the Lakeview website by reference in their complaint by discussing and even attaching selective portions of it to their complaint, ECF 1-1, 1-2, in support of their claims. Indeed, their claims all derive from their alleged use of Lakeview's website. A court must consider a document explicitly mentioned in the complaint or even a document "not explicitly

refer[red] to" in a complaint but on which "the complaint necessarily relies." *Coto Settlement*, 593 F.3d at 1038.

Exhibit 4 is a screenshot of the top portion of the *lakeview.com* homepage with the "cookie banner" that appears when it is opened. In addition to relying on Lakeview's website broadly as the basis for their claims, plaintiffs expressly refer to Lakeview's cookie-related disclosures in their complaint, *see, e.g.*, ECF 1-1, ¶ 73, but they selectively do not quote, reproduce, or cite Lakeview's cookie banner. Likewise, Exhibit 6 is a copy of the Terms and Conditions on Lakeview's website. Here too, in addition to relying on Lakeview's website broadly as a basis for their claims, plaintiffs allege breaches of express and implied contract to which Lakeview's Terms and Conditions would necessarily apply. Accordingly, plaintiffs incorporated these webpages by reference. *See, e.g.*, *Khoja*, 899 F.3d at 1002.

*Second*, the court may take judicial notice of Exhibits 4 and 6 because they are publicly-available webpages, which are "[p]roper subjects of judicial notice when ruling on a motion to dismiss." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014); *see also Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145-46 (N.D. Cal. 2020) (taking judicial notice of screenshots and printouts of websites). Importantly, Lakeview is seeking judicial notice of only the existence and content of those webpages for purposes of this motion, not the truth of any statements therein.

V. The Court Should Take Judicial Notice of **Exhibits 5 and 7 through 11** Because They Are Articles Cited by Plaintiffs in Their Complaint

Exhibits 5 and 7 through 11 to this Request for Judicial Notice are articles cited by plaintiffs in their complaint. The Court should take judicial notice of these articles as a clear application of the incorporation by reference doctrine. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568-69 n.13 (2007) (district court entitled to take notice of full contents of published articles from which truncated quotations of CEO remarks referenced in complaint were drawn); *In re Lyft Inc. Sec. Litig.*, 484 F. Supp. 3d 758, 764 (N.D. Cal. 2020) (taking judicial notice of news articles specifically referenced in complaint that allegedly formed basis of plaintiff's allegations in support his claims). As with the other exhibits, Lakeview offers these articles not for the truth of their contents but to

provide the content and context plaintiffs chose not to cite in their complaint, in order to highlight the misleading nature of plaintiffs' allegations purportedly based on these articles, further supporting judicial notice. *See, e.g.*, *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (taking judicial notice of news articles because they did not "'dispute facts stated in a well-pleaded complaint'" but instead "properly provide[d] a basis for [defendant's] argument that [plaintiffs] sometimes inaccurately characterize[d] the contents of those documents").

Conclusion

For the foregoing reasons, the Court should grant Lakeview's Request for Judicial Notice in its entirety.

Dated: September 15, 2025

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By: */s/ Viola Trebicka*

Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Valerie Roddy (Bar No. 235163)
valerieroddy@quinnemanuel.com

865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Ryan Sullivan (*pro hac vice*)
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
Fax: (617) 712-7200

*Attorneys for Defendant Lakeview Loan Servicing, LLC*

**DECLARATION OF VALERIE RODDY**

I, Valerie Roddy, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Lakeview Loan Servicing, LLC ("Lakeview"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as **Exhibit 1** to this Request for Judicial Notice is a true and correct copy of the complaint filed in *Shah v. Capital One Financial Corp.*, No. 3:24-cv-05985-TNT (N.D. Cal. Aug. 26, 2024) (without exhibits), which was obtained from PACER using the PacerPro retrieval service by a staff person at my firm at my request and under my direct supervision.

3. Attached as **Exhibit 2** to this Request for Judicial Notice is a true and correct copy of the original complaint filed in *Beltran v. Nationstar Mortgage LLC*, No. 4:25-cv-04412-JSC (N.D Cal. May 23, 2025) (without exhibits), which was obtained from PACER using the PacerPro retrieval service by a staff person at my firm at my request and under my direct supervision. Based on my review of the docket in *Beltran*, I understand plaintiffs filed an amended complaint in *Beltran* on September 8, 2025, after the defendant in that case filed its motion to dismiss.

4. Attached as **Exhibit 3** to this Request for Judicial Notice is a true and correct copy of a "redline" comparison showing differences between the complaint in the *Shah* action and the complaint in this action (excluding exhibits as to both complaints). I requested this redline be prepared by a staff member at my firm, under my supervision. I understand the staff person using Litera, a professional legal software suite. To minimize "false positive" redlines, I am informed that the staff person first cropped the pleading paper/line numbering from both documents because line numbering can interfere with creating a legible redline. She then selected the "Simple Text Only" comparison option to eliminate formatting-related changes from the comparison, again with the purpose of creating a more legible redline.

5. Attached as **Exhibit 4** to this Request for Judicial Notice is a true and correct copy of the top portion of the *https://lakeview.com* homepage that loads onto my screen, and the cookie

banner that appears across it, as captured by screenshot software (SnagIt) on September 14, 2025. The image has been reduced in size to fit on letter-sized paper.

6. Attached as **Exhibit 5** to this Request for Judicial Notice is a true and correct copy of the article, "A big list of what Google Analytics can & cannot do," MarketLytics, *available at https://marketlytics.com/blog/list-of-things-google-analytics-can-and-cannot-do/* (as accessed on Sept. 13, 2025), which plaintiffs cited in footnote 15 of their complaint in this case (ECF 1).

7. Attached as **Exhibit 6** to this Request for Judicial Notice is a true and correct copy Lakeview's "Terms and Conditions," *available at https://lakeview.com/terms-of-use/* (last accessed Sept. 14, 2025).

8. Attached as **Exhibit 7** to this Request for Judicial Notice is a true and correct copy of an article by Steven Musil, "Facebook gave tech giants more access to users data than it said," CBS News (Dec. 19, 2018), *available at https://www.cbsnews.com/news/facebook-gave-tech-giants-more-access-to-users-data-than-it-said-new-york-times/* (as accessed on Sept. 13, 2025), which plaintiffs cited in footnote 39 of their complaint in this case (ECF 1).

9. Attached as **Exhibit 8** to this Request for Judicial Notice is a true and correct copy of an article by Steven Musil, "Facebook acknowledges it shared user data with dozens of companies," CNET (July 1, 2018), *available at https://www.cnet.com/tech/tech-industry/facebook-acknowledges-it-shared-user-data-with-dozens-of-companies/* (as accessed on Sept. 13, 2025), which plaintiffs cited in footnote 39 of their complaint in this case (ECF 1).

10. Attached as **Exhibit 9** to this Request for Judicial Notice is a true and correct copy of an article by Paresh Dave and Katie Paul, "Google secretly gave Facebook perks, data in ad deal," Reuters (Dec. 17, 2020), *available at https://www.reuters.com/article/technology/google-secretly-gave-facebook-perks-data-in-ad-deal-us-states-allege-idUSKBN28Q37G/* (as accessed on Sept. 13, 2025), which plaintiffs cited in footnote 39 of their complaint in this case (ECF 1).

11. Attached as **Exhibit 10** to this Request for Judicial Notice is a true and correct copy of an article by Jessie G. Taft, "Facebook and Google Are the New Data Brokers" (Dec. 18, 2018), *available at https://dli.tech.cornell.edu/post/facebook-and-google-are-the-new-data-brokers* (as

accessed on Sept. 13, 2025), which plaintiffs cited in footnote 40 of their complaint in this case (ECF 1).

12. Attached as **Exhibit 11** to this Request for Judicial Notice is a true and correct copy of an article by Kalev Leetaru, "The Data Brokers So Powerful Even Facebook Bought Their Data," Forbes (Apr. 5, 2018), *available at https://www.forbes.com/sites/kalevleetaru/2018/04/05/the-data-brokers-so-powerful-even-facebook-bought-their-data-but-they-got-me-wildly-wrong/* (as accessed on Sept. 13, 2025), which plaintiffs cited in footnote 41 of their complaint in this case (ECF 1).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 15th day of September, 2025, at Los Angeles, California.

Valerie Roddy

Valerie Roddy