1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2   Viola Trebicka (Bar No. 269526)
    violatrebicka@quinnemanuel.com
3   Valerie Roddy (Bar No. 235163)
    valerieroddy@quinnemanuel.com
4  865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
5  Tel: (213) 443-3000
   Fax: (213) 443-3100
6

7   Ryan Sullivan (*pro hac vice*)
    ryansullivan@quinnemanuel.com
8  111 Huntington Avenue, Suite 520
   Boston, MA 02199
9  Tel: (617) 712-7100
   Fax: (617) 712-7200
10

11 *Attorneys for Defendant Lakeview Loan Servicing, LLC*

12                **UNITED STATES DISTRICT COURT**

13      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

14

15 ELIJAH IDRIS, GOWAN MCLIN, and          ) Case No.: 3:25-CV-05087-JSC
16 JUSTIN BICKHAM individually and on      )
   behalf of all others similarly situated, ) **REQUEST FOR JUDICIAL NOTICE IN**
17                                          ) **SUPPORT OF LAKEVIEW LOAN**
              Plaintiffs,                   ) **SERVICING, LLC'S MOTION TO DISMISS**
18                                          ) **PLAINTIFFS' AMENDED COMPLAINT**
         v.                                 ) **PURSUANT TO FEDERAL RULES OF**
19                                          ) **CIVIL PROCEDURE 12(B)(1) AND 12(B)(6);**
   LAKEVIEW    LOAN    SERVICING,           )
20 LLC,                                     ) **DECLARATION OF VALERIE RODDY**
                                            )
21                                          ) Before: Hon. Jacqueline Scott Corley
              Defendant.                    )
22                                          ) Hearing Date:      February 26, 2026
                                            ) Hearing Time:      10:00 a.m.
23 _____ )

24

25

26

27

28

## REQUEST FOR JUDICIAL NOTICE

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that defendant Lakeview Loan Servicing, LLC ("Lakeview") respectfully requests that this Court, in deciding Lakeview's concurrently-filed motion to dismiss plaintiffs' putative class action amended complaint, take judicial notice of the following documents, which are (i) attached to this Request for Judicial Notice, (ii) authenticated by the Declaration of Valerie Roddy appended to this Request ("Roddy Decl."), and (iii) either incorporated by reference in the complaint or otherwise subject to judicial notice under Federal Rule of Evidence 201, and one adjudicative fact which is subject to judicial notice because (i) it is generally known within the trial court's territorial jurisdiction; and/or (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Specifically, Lakeview requests that the Court take judicial notice of the following documents and generally-known fact:

- Operative complaints filed by plaintiffs' counsel in two other actions (Exhibits 1 and 2);
- Excerpts of the *lakeview.com* website (Exhibits 3, 5, and 11);
- Excerpts of articles cited by plaintiffs in their amended complaint (Exhibits 4 and 6 through 10); and
- The fact that mortgages and the identity of property owners are typically a matter of public record.

## MEMORANDUM OF POINTS AND AUTHORITIES

On a motion to dismiss, a court "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, a court "***must***" take judicial notice of such facts "if a party requests it and the court is supplied with the necessary information." *Id.* at 201(c)(2) (emphases added).

With respect to incorporation by reference, a court may consider a document explicitly mentioned in the complaint or even a document "not explicitly refer[red] to" in a complaint but on which "the complaint necessarily relies." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). "Under the 'incorporation by reference' doctrine in this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v. HSBC Bank Nev.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal citations omitted). Documents incorporated by reference are treated "as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The incorporation by reference doctrine serves the important purpose of precluding plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken— or doom—their claims." *Id.* "The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

I.    The Court Should Take Judicial Notice of **Exhibits 1-2** As Records of This District's Courts

Exhibits 1 and 2 to the Request for Judicial Notice are complaints filed in the dockets of this District's courts. *See* Roddy Decl. ¶¶ 2-3. The existence and authenticity of these complaints cannot be reasonably disputed; plaintiffs' counsel prepared and filed both documents, and both were obtained from PACER. *Id.* Lakeview seeks judicial notice of the documents themselves and their contents, <u>not</u> the truth of the allegations they contain (which Lakeview understands are disputed by the defendants in those cases). The Court should take judicial notice of Exhibits 1 and 2. *See, e.g.*, *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1111 (N.D. Cal. 2024) (taking judicial notice of "existence and content" of pleadings in another court and Internal Trade Commission, but not "the underlying truth of any factual assertions therein").

II.    The Court Should Take Judicial Notice of the Fact that Mortgages Are Typically a Matter of Public Record

Lakeview requests that the Court take judicial notice of the fact that mortgages are typically a matter of public record, with a lender's lien against a property being recorded as a matter of public record (as a necessary part of protecting loans secured by real property), alongside deeds that

identify the property owner. This fact is "generally known within the Court's territorial jurisdiction" by anyone who has previously financed a home purchase or has a general understanding of how financing the purchase of a home works, and it is therefore subject to judicial notice. *See, e.g.*, *Schaeffer v. Gregory Vill. Partners, L.P.*, 105 F. Supp. 3d 951, 959-60 (N.D. Cal. 2015) (taking judicial notice that "California is in the midst of a serious, multi-year drought, which affects the water resources of the state" because it was "generally known within this Court's territorial jurisdiction"). Indeed, courts routinely take judicial notice of mortgages—or (more accurately) deeds of trusts reflecting mortgages secured by property—precisely because they are matters of public record at the county recorder's office. *See, e.g.*, *Velasquez v. Countrywide Home Loans, Inc.*, No. 11-cv-2491, 2012 WL 2368285, at *2 (N.D. Cal. June 21, 2012) (taking judicial notice of deeds of trust executed in exchange for home loan and credit line secured by property because they are matters of public record and citing cases).

III.    <u>The Court Should Take Judicial Notice of **Exhibits 3, 5, and 11** as Portions of Lakeview's Website</u>

Exhibits 3 and 5 to the Request for Judicial Notice are excerpts of Lakeview's website. The Court should take judicial notice of these excerpts for two reasons:

*First*, plaintiffs have incorporated the Lakeview website by reference in their complaint by discussing and even attaching selective portions of it to their complaint, ECF 31-1, 31-2, in support of their claims. Indeed, their claims all derive from their alleged use of Lakeview's website. A court must consider a document explicitly mentioned in the complaint or even a document "not explicitly refer[red] to" in a complaint but on which "the complaint necessarily relies." *Coto Settlement*, 593 F.3d at 1038.

Exhibit 3 is a screenshot of the top portion of the *lakeview.com* homepage with the "cookie banner" that appears when it is opened. In addition to relying on Lakeview's website broadly as the basis for their claims, plaintiffs expressly refer to Lakeview's cookie-related disclosures in their complaint, *see, e.g.*, ECF 31, ¶ 83, but they selectively do not quote, reproduce, or cite Lakeview's cookie banner. Likewise, Exhibit 5 is a copy of the Terms and Conditions on Lakeview's website. Here too, in addition to relying on Lakeview's website broadly as a basis for their claims, plaintiffs

allege (or alleged in their original complaint) breaches of express and implied contract to which Lakeview's Terms and Conditions would necessarily apply. Exhibit 11 is a screenshot of the registration page for the *apply.lakeview.com* subdomain (*apply.lakeview.com/#/register*). In their amended complaint, plaintiffs discuss this specific registration page, the registration process, and offer a screen shot of the post-registration login page for the *apply.lakeview.com* subdomain. *See* ECF 31, ¶¶ 74-75 & 22:7-24. Accordingly, plaintiffs incorporated these webpages by reference. *See, e.g.*, *Khoja*, 899 F.3d at 1002.

*Second*, the court may take judicial notice of Exhibits 3, 5, and 11 because they are publicly-available webpages, which are "[p]roper subjects of judicial notice when ruling on a motion to dismiss." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014); *see also Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145-46 (N.D. Cal. 2020) (taking judicial notice of screenshots and printouts of websites). Importantly, Lakeview is seeking judicial notice of only the existence and content of those webpages for purposes of this motion, not the truth of any statements therein.

IV.    <u>The Court Should Take Judicial Notice of **Exhibits 4 and 6 through 10** Because They Are Articles Cited by Plaintiffs in Their Complaint</u>

Exhibits 4 and 6 through 10 to this Request for Judicial Notice are articles cited by plaintiffs in their amended complaint. The Court should take judicial notice of these articles as a clear application of the incorporation by reference doctrine. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568-69 n.13 (2007) (district court entitled to take notice of full contents of published articles from which truncated quotations of CEO remarks referenced in complaint were drawn); *In re Lyft Inc. Sec. Litig.*, 484 F. Supp. 3d 758, 764 (N.D. Cal. 2020) (taking judicial notice of news articles specifically referenced in complaint that allegedly formed basis of plaintiff's allegations in support his claims). As with the other exhibits, Lakeview offers these articles not for the truth of their contents but to provide the content and context plaintiffs chose not to provide in their complaint, in order to highlight the misleading nature of plaintiffs' allegations purportedly based on these articles, further supporting judicial notice. *See, e.g.*, *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (taking judicial notice of news articles because they did not

"'dispute facts stated in a well-pleaded complaint'" but instead "properly provide[d] a basis for [defendant's] argument that [plaintiffs] sometimes inaccurately characterize[d] the contents of those documents").

Conclusion

For the foregoing reasons, the Court should grant Lakeview's Request for Judicial Notice in its entirety.

Dated: October 27, 2025

QUINN EMANUEL URQUHART
 & SULLIVAN, LLP


By: */s/ Viola Trebicka*
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Valerie Roddy (Bar No. 235163)
valerieroddy@quinnemanuel.com

865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Ryan Sullivan (*pro hac vice*)
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
Fax: (617) 712-7200

*Attorneys for Defendant Lakeview Loan Servicing, LLC*

## <u>DECLARATION OF VALERIE RODDY</u>

I, Valerie Roddy, declare as follows:

1.     I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Lakeview Loan Servicing, LLC ("Lakeview"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.     Attached as **Exhibit 1** to this Request for Judicial Notice is a true and correct copy of the complaint filed in *Shah v. Capital One Financial Corp.*, No. 3:24-cv-05985-TNT (N.D. Cal. Aug. 26, 2024) (without exhibits), which was obtained from PACER using the PacerPro retrieval service by a staff person at my firm at my request and under my direct supervision.

3.     Attached as **Exhibit 2** to this Request for Judicial Notice is a true and correct copy of the amended complaint filed in *Beltran v. Nationstar Mortgage LLC*, No. 4:25-cv-04412-JSC (N.D Cal. Sept. 8, 2025) (without exhibits), which was obtained from PACER using the PacerPro retrieval service by a staff person at my firm at my request and under my direct supervision.

4.     Attached as **Exhibit 3** to this Request for Judicial Notice is a true and correct copy of the top portion of the *https://lakeview.com* homepage that loads onto my screen, and the cookie banner that appears across it, as captured by screenshot software (SnagIt) on September 14, 2025. The image has been reduced in size to fit on letter-sized paper.

5.     Attached as **Exhibit 4** to this Request for Judicial Notice is a true and correct copy of the article, "A big list of what Google Analytics can & cannot do," MarketLytics, *available at https://marketlytics.com/blog/list-of-things-google-analytics-can-and-cannot-do/* (last accessed Oct. 27, 2025), which plaintiffs cited in footnote 15 of their amended complaint in this case (ECF 31).

6.     Attached as **Exhibit 5** to this Request for Judicial Notice is a true and correct copy of Lakeview's "Terms and Conditions," *available at https://lakeview.com/terms-of-use/* (last accessed Oct. 27, 2025).

7.     Attached as **Exhibit 6** to this Request for Judicial Notice is a true and correct copy of an article by Steven Musil, "Facebook gave tech giants more access to users data than it said,"

CBS News (Dec. 19, 2018), *available at https://www.cbsnews.com/news/facebook-gave-tech-giants-more-access-to-users-data-than-it-said-new-york-times/* (last accessed Oct. 27, 2025), which plaintiffs cited in footnote 46 of their amended complaint in this case (ECF 31).

8.    Attached as **Exhibit 7** to this Request for Judicial Notice is a true and correct copy of an article by Steven Musil, "Facebook acknowledges it shared user data with dozens of companies," CNET (July 1, 2018), *available at https://www.cnet.com/tech/tech-industry/facebook-acknowledges-it-shared-user-data-with-dozens-of-companies/* (last accessed Oct. 27, 2025), which plaintiffs cited in footnote 46 of their complaint in this case (ECF 31).

9.    Attached as **Exhibit 8** to this Request for Judicial Notice is a true and correct copy of an article by Paresh Dave and Katie Paul, "Google secretly gave Facebook perks, data in ad deal," Reuters (Dec. 17, 2020), *available at https://www.reuters.com/article/technology/google-secretly-gave-facebook-perks-data-in-ad-deal-us-states-allege-idUSKBN28Q37G/* (last accessed Oct. 27, 2025), which plaintiffs cited in footnote 46 of their complaint in this case (ECF 31).

10.    Attached as **Exhibit 9** to this Request for Judicial Notice is a true and correct copy of an article by Jessie G. Taft, "Facebook and Google Are the New Data Brokers" (Dec. 18, 2018), *available at https://dli.tech.cornell.edu/post/facebook-and-google-are-the-new-data-brokers* (last accessed Oct. 27, 2025), which plaintiffs cited in footnote 47 of their complaint in this case (ECF 31).

11.    Attached as **Exhibit 10** to this Request for Judicial Notice is a true and correct copy of an article by Kalev Leetaru, "The Data Brokers So Powerful Even Facebook Bought Their Data," Forbes (Apr. 5, 2018), *available at https://www.forbes.com/sites/kalevleetaru/2018/04/05/the-data-brokers-so-powerful-even-facebook-bought-their-data-but-they-got-me-wildly-wrong/* (last accessed Oct. 27, 2025), which plaintiffs cited in footnote 48 of their complaint in this case (ECF 31).

12.    Attached as **Exhibit 11** to this Request for Judicial Notice is a true and correct copy Lakeview's *apply.lakeview.com* registration page *available at* https://apply.lakeview.com/#/register (last accessed Oct. 27, 2025).

1    I declare under penalty of perjury that the foregoing is true and correct to the best of my

2  knowledge.

3    Executed on this 27th day of October, 2025, at Los Angeles, California.

4

5                                        */s/ Valerie Roddy*
                                       Valerie Roddy
6

7                            **SIGNATURE ATTESTATION**

8    I, Viola Trebicka, as the ECF user and filer of this document, attest pursuant to N.D. Cal.

9  L.R. 5-1(i)(3) that each of the other signatories have concurred in the filing of the document.

10

11  Dated: October 27, 2025                    By: */s/ Viola Trebicka*
                                       Viola Trebicka
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28